**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **ERIC KNOWLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:18 CV 360** |
| | ) | |
| **TRISTA HUDSON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION and ORDER**

This matter is before the court on the parties' motions to dismiss. (DE ## 16, 31, 35, 44.) For the reasons set forth below, the motions will be granted in part and denied in part.

## I. BACKGROUND

The following factual allegations are taken from plaintiff Eric Knowles' amended complaint (DE # 5) and are accepted as true for the purpose of resolving the pending motions. *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1009 (7th Cir. 2017).

Knowles is the biological father of two children, C.E. and E.B., and the stepfather of two children, K.C. and E.C. (*Id.* at 3.) According to Knowles' amended complaint, his ex-wives and their current partners conspired with his stepchildren's father and his partner to fabricate claims that Knowles molested the four children, in order to prevail in their respective custody disputes against Knowles. (*Id.* at 1, 4-8.) Knowles alleges that, despite clear evidence that the allegations were false, defendant Prosecutor Trista Hudson and defendant Detective Janis Crafton charged and prosecuted Knowles on six

counts of child molestation. Knowles alleges that defendants wrongfully coerced incriminating statements, fabricated evidence in the form of false testimony, and knowingly detained and prosecuted him without probable cause.

The procedural history of the criminal proceedings is as follows. In June 2013, Knowles was arrested and charged with molesting E.B. ("June Charge"). (*Id.* at 14.) In July 2013, Knowles was charged with molesting K.C. and E.C. (Counts I-IV) and C.E. (Count V) ("July Charges"). (*Id.* at 17.)

Knowles was tried on the June Charge in August 2015. (*Id.* at 19.) A jury returned a verdict of not guilty. (*Id.* at 20.) Knowles remained in jail pending trial on the remaining charges. (*Id.*)

In June 2016, Knowles' trial on Counts I-IV of the July Charges began. (*Id.* at 21.) When Knowles' attorney cross-examined E.C., E.C. admitted that he lied when he claimed that Knowles molested him, and he explained that his father had instructed him to lie. (*Id.*) E.C. testified that he told Hudson and Crafton that he had lied the week before the trial began. (*Id.*) Crafton confirmed E.C.'s statement. (*Id.*) This information had not previously been disclosed to Knowles or his attorney. (*Id.*) The trial judge entered an order of acquittal on the four pending charges, and ordered that Knowles be released from jail in advance of his trial on Count V of the July Charges. (*Id.* at 24.) At the time of his release, Knowles had been in jail for more than three years. (*Id.*)

The judge from the second trial reported Hudson to the state disciplinary commission. (*Id.* at 24.) The Indiana Supreme Court determined that Hudson committed

misconduct by failing to disclose exculpatory evidence and by prosecuting a charge she knew was not supported by probable cause. (*Id.*) The Indiana Supreme Court suspended Hudson for 18 months. (*Id.* at 25.) Hudson's employment with Porter County was terminated following the second trial. (DE # 5-4 at 3.)

In February 2017, while Count V was still pending, Crafton obtained a search warrant to search Knowles' computer for child pornography. (DE # 5 at 25.) While the search did not uncover child pornography, it revealed that on one occasion Knowles picked up his friend's child from elementary school, in violation of a protective order issued against Knowles due to the pending criminal charges. (*Id.*) Crafton recommended that Knowles be charged with misdemeanor invasion of privacy. (*Id.* at 26.) Knowles was arrested and held for one day prior to his release. (*Id.*) In March 2017, Knowles was charged with misdemeanor invasion of privacy. (*Id.*)

In July 2017, the State dismissed the remaining child molestation charge (Count V). (*Id.* at 26.) In March 2018, the State dismissed the misdemeanor charge. (*Id.*)

On September 21, 2018, Knowles filed the present suit, alleging nine counts against the defendants. In Counts I-V, Knowles alleges that defendants are liable under 42 U.S.C. § 1983 for violating his right to due process, his Fourth Amendment rights, and for failing to intervene in the violations of his constitutional rights. In Counts VI-VIII, Knowles alleges that defendants are liable under Indiana law for intentional infliction of emotional distress, malicious prosecution, and abuse of process. In Count IX, Knowles alleges an indemnification claim against the City of Portage.

Before the court are four motions to dismiss. (DE ## 16, 31, 35, 44.) The motions are fully briefed and are ripe for ruling.

## II. LEGAL STANDARD

Each of the parties have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### *A. Trista Hudson's Motion to Dismiss*

Hudson argues that she is entitled to dismissal for four reasons: (1) she is entitled to absolute prosecutorial immunity; (2) Knowles failed to allege that she was personally involved before the charges were filed, or after his acquittal in the second trial; (3) Knowles' claims regarding the first and second trials are untimely; and (4) she is entitled to immunity on the state law claims under the Indiana Tort Claims Act.

#### 1. Prosecutorial Immunity

Hudson argues that all of the claims against her must be dismissed because she is entitled to absolute prosecutorial immunity under federal law.[1]

---

[1] Hudson also argues that she is entitled to absolute prosecutorial immunity with respect to the state law claims against her. However, as discussed in a later section, Knowles concedes that his state law claims against Hudson should be dismissed. Therefore, the court need not rule on the merits of Hudson's motion with respect to these claims.

Absolute immunity is an affirmative defense. *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010). An immunity defense typically depends on the facts of the case, and therefore dismissal is often inappropriate at the pleading stage. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "Complaints need not anticipate or attempt to defuse potential defenses." *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). However, as with other affirmative defenses, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense[.]" *Id.* "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Actions taken by prosecutors in their role as advocates are absolutely immune from liability for damages under § 1983. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012). "[T]here is no bad-faith exception to absolute immunity when . . . the prosecutor acts as an advocate." *Jackson v. Bloomfield Police Dep't*, 764 F. App'x 557, (Mem)–559 (7th Cir. 2019). This immunity extends even to malicious prosecutions that are not supported by probable cause. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

However, absolute immunity does not shield prosecutors from liability for actions that are not "'intimately associated with the judicial phase of the criminal process,' nor does it apply when they are performing non-prosecutorial actions, such as administrative and investigatory activities." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Protection hinges not on the defendant's job title, but on the nature of the function he performed." *Id.* The distinction lies in the difference between an

advocate's prosecutorial role in evaluating evidence and preparing for trial, and his detective's role in searching for evidence. *Fields v. Wharrie*, 672 F.3d 505, 511 (7th Cir. 2012).

In this case, Hudson is entitled to absolute immunity for any claims related to: her role as an officer of the court; her evaluation of evidence; her interview of witnesses; her decision to initiate criminal proceedings; her preparation for trial; and her presentation of evidence at trial. *See Imbler*, 424 U.S. at 430-31; *Fields*, 672 F.3d at 510. Hudson's absolute immunity extends to her alleged failure to disclose evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See Beaman v. Freesmeyer*, 776 F.3d 500, 513 (7th Cir. 2015); *Fields*, 672 F.3d at 513.

However, at this stage of the litigation, the court cannot determine that Hudson is entitled to absolute immunity on *all* of Knowles' claims. Based on the allegations in Knowles' amended complaint and his response brief,[2] there is a reasonable inference to be drawn that Hudson also participated in investigative functions that were not intimately associated with the judicial phase of the criminal proceedings. For example, to the extent that Knowles' claims arise out of Hudson's search for clues and

---

[2] A plaintiff opposing a Rule 12(b)(6) motion to dismiss may "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, n. 1 (7th Cir. 2012). A "'plaintiff need not put all of the essential facts in the complaint' but instead 'may add them by affidavit or brief—even a brief on appeal." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992)). Here, Knowles' elaboration in his response brief regarding Hudson's involvement is consistent with the rest of his pleadings, and therefore may be properly considered in ruling on Hudson's motion to dismiss.

corroborating evidence that might give her probable cause to recommend that Knowles be arrested, she acted in an investigatory capacity and is not entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."). Similarly, Knowles alleges that Hudson provided legal advice to investigators. (DE # 38 at 4.) Any advice Hudson gave to investigators during the investigative phase of the criminal proceeding is not entitled to absolute immunity. *See Burns*, 500 U.S. at 493. It is too early to determine that Hudson is entitled to absolute immunity with respect to all of the claims against her. Accordingly, Knowles may proceed with any claim that Hudson violated his constitutional rights while serving in an investigative capacity.

2. Timeliness

Hudson argues that Knowles' claims against her should be dismissed as untimely because more than two years have passed since his acquittal on Counts I-IV, and she was not involved in the prosecution of Count V – the only proceedings that fall within the limitations period.

"Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). "A plaintiff whose allegations show that

there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings[.]" *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

In an action under § 1983, federal courts look to the law of the state in which the personal injury occurred to determine the length of the statute of limitations. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019), *as amended on denial of reh'g* (Apr. 17, 2019). In Indiana, a plaintiff must bring a personal injury action within two years after its accrual. *Richards*, 696 F.3d at 637. However, the question of when the cause of action accrues is a question of federal law, and is not resolved by reference to state law. *Regains*, 918 F.3d at 533.

In *Manuel v. City of Joliet* ("*Manuel I*"), 137 S.Ct. 911, 918 (2017), the Supreme Court clarified that detention without probable cause violates the Fourth Amendment "when it precedes, but also when it follows, the start of legal process in a criminal case." However, the Court declined to decide when such claims accrue, instead remanding the case to the Seventh Circuit to resolve that issue. *Id.* at 922. On remand, the Seventh Circuit held that a Fourth Amendment claim for wrongful pretrial detention accrues on the date the detention ends. *Manuel v. City of Joliet* ("*Manuel II*"), 903 F.3d 667, 670 (7th Cir. 2018). In recent decisions on Fourth Amendment wrongful pretrial detention cases, the Seventh Circuit noted that the Supreme Court had issued certiorari in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), to resolve a circuit conflict regarding when the statute of limitations for a fabricated-evidence claim begins to accrue. *See Regains*, 918 F.3d at n. 2; *Lewis v. City of Chicago*, 914 F.3d 472, n. 2 (7th Cir. 2019).

On June 20, 2019, after the parties completed briefing on Hudson's motion, the Supreme Court issued its decision in *McDonough*. The Court held: "The statute of limitations for a fabricated-evidence claim like McDonough's does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor." *McDonough*, 139 S. Ct. at 2154–55. This court ordered the parties to file supplemental briefs addressing what, if any, effect *McDonough* had on the accrual rule articulated in *Manuel II*. All agree that *McDonough* applies to Knowles' claims, but the parties disagree as to the outcome. (*See* DE ## 50, 51.)

The parties' disagreement centers on the question of whether the State's investigation and prosecution of Knowles constituted one, or three separate, "criminal proceedings." Hudson contends that, because the charges were separated into three distinct trials, there are three distinct limitations periods that began to accrue at the end of each respective acquittal. Hudson argues that Knowles was acquitted in the first two trials more than two years before he filed his complaint, and therefore his claims regarding these prosecutions are untimely. For his part, Knowles argues that because the charges were all related, stemmed from one investigation, and were (in part) made in the same charging document (the July Charges), there was only one, continuous criminal proceeding against him, and it ended with the State's dismissal of Count V. Knowles argues that, because he filed this lawsuit within two years of the State's dismissal of Count V, all of his claims are timely.

The court declines to dismiss Knowles' claims as untimely at this stage of the litigation. It is unclear, based on the pleadings, whether the three trials should be deemed to be part of one "criminal proceeding" for purposes of accrual. According to the amended complaint, the State only determined to try the charges separately days before each trial was scheduled to begin. (DE # 5 at 19, 21.) It is unclear from the pleadings why the charges were pursued in different trials, and how interrelated the investigation and prosecution of the charges were up to the point of trial. In cases such as this one, it is possible that the same concerns that guided the courts in *McDonough* and *Manuel II* (fairness, practicality, *Heck v. Humphrey*, 512 U.S. 477 (1994)) counsel against treating each of Knowles' trials as a separate criminal proceedings. For now, the court declines to dismiss Knowles' claims as untimely.[3]

3. Failure to Allege Personal Involvement

Hudson next argues that Knowles' § 1983 claims against her must be dismissed because he failed to allege that she was personally involved in any constitutional violation before the charges were filed, or after his acquittal on Counts I-IV.

---

[3] To the extent that *McDonough* – which considered a wrongful pretrial detention claim under the Due Process Clause, not the Fourth Amendment – does not apply to Knowles' case, the court must still deny Hudson's request pursuant to *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019). In *Mitchell*, the Seventh Circuit left open the question of whether, and under what circumstances, a person who is arrested but released on bond remains "seized" for Fourth Amendment purposes. The Court also determined that it did not have enough information, at the pleading stage, regarding the conditions of the plaintiff's release on bond. The same is true in this case. More information is necessary to determine whether Knowles' release on bond after the second trial amounted to a "seizure" for Fourth Amendment purposes, and would thus serve to extend the limitations period under the framework announced in *Manuell II*.

A defendant is only liable under § 1983 if she was personally responsible for the alleged deprivation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). However, the Federal Rules of Civil Procedure require a plaintiff to "plead claims rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Rule 8 does not require that the pleadings contain all facts required to ultimately prevail. *Id.* Accordingly, "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* A plaintiff simply needs to put a defendant on notice of the claims at issue. *Id.*

Knowles has satisfied the pleading standard by sufficiently identifying his claims against Hudson. While he did not specifically allege that Hudson was involved after the second trial, he did allege that she was involved in the underlying investigation that led to the prosecution of Count V. For now, that is sufficient.

4. State Law Claims

Finally, Hudson argues that Knowles' state law claims against her are barred by the Indiana Tort Claims Act. (DE # 17 at 10.) Knowles concedes that the state law claims against Hudson should be dismissed. (DE # 38 at 15.) Thus, Hudson's motion to dismiss these claims will be granted.

B. *Janis Crafton and the City of Portage's Motion to Dismiss*

Crafton and the City of Portage[4] move to dismiss Knowles' claims against them on the basis that: (1) they are entitled to absolute prosecutorial immunity; (2) they are entitled to immunity on Knowles' state law claims under the Indiana Tort Claims Act; (3) Knowles failed to state a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); and (4) Knowles failed to state a claim for malicious prosecution.

1. Immunity

Defendants first argue that they are entitled to absolute immunity on all of Knowles' claims because Crafton was operating in a capacity similar to that of a prosecutor at the time E.C. disclosed that he lied about the abuse. (DE # 36 at 8.) There are a number of flaws with the defendants' argument, the first of which is procedural. In response to Knowles' amended complaint, defendants filed answers. (DE ## 18, 20.) Four months later, defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 35.) This error is of little consequence, as the court may construe the defendants' motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). However, their answers did not contain the affirmative defense of absolute immunity and defendants have not sought to amend their pleadings to include an immunity

[4] For purposes of Section B of this opinion, the court refers to the City of Portage and Crafton as "the defendants."

defense. Defendants are therefore flirting with forfeiture of the defense. *See Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019).

The second problem with defendants' argument is that they claim that they are entitled to absolute immunity for the "entirety" of Knowles' claims, but they only specifically make an argument regarding E.C.'s pre-trial disclosure that he lied about the abuse. Knowles' claims against defendants are not limited to this incident. Rather, he claims that defendants are liable for actions they took as part of the criminal investigation. These actions would not be entitled to prosecutorial immunity even if defendants were eligible for such immunity – and they are not.

As discussed in an earlier section, the grant of prosecutorial immunity depends on the function performed, not the identity or title of the actor. *Archer*, 870 F.3d at 613. This general rule has been applied to find that prosecutors who acted as investigators were not entitled to prosecutorial immunity. *See e.g. Buckley*, 509 U.S. at 274. This rule has also been applied to find that agency officials who acted as prosecutors were entitled to prosecutorial immunity. *See e.g. Butz v. Economou*, 438 U.S. 478, 515 (1978). However, defendants do not identify *any* case in which a detective (or entire city, for that matter) has been granted prosecutorial immunity due to close work with the prosecutor's office.

2. Tort Claims Act

Crafton, like Hudson, argues that Knowles' state law claims against her are barred by the Indiana Tort Claims Act. (DE # 36 at 10.) Knowles concedes that the state

law claims against Crafton should be dismissed. (DE # 45 at 9-10.) Thus, defendants' motion to dismiss Knowles' state law claims against Crafton will be granted.

3. *Monell* Claim

Defendants argue that Knowles' amended complaint fails to plead a *Monell* claim. (DE # 36 at 10.) Under *Monell,* a local government may not be sued under § 1983 for an injury caused solely by its employees or agents. *Monell*, 436 U.S. at 694. Rather, "a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012). Thus, a local government will only be held liable where there is "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* at 834 (internal quotation marks and citation omitted). However, courts may not apply a heightened pleading standard in civil rights cases alleging municipal liability under § 1983. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016).

Defendants argument for dismissal of Knowles' *Monell* claim relies on facts not contained in the amended complaint, and on argument not appropriate at this stage of the proceedings, where Knowles is entitled to all reasonable inferences in his favor. For instance, defendants present arguments regarding what Crafton knew and whether her actions during the course of the investigation were appropriate in light of the evidence,

type of crime, and age of the victims. Such arguments are plainly inappropriate on a motion to dismiss.

The amended complaint contains allegations sufficient to state a claim under *Monell*. Knowles alleges that his constitutional rights were violated pursuant to the City's policy of "prosecuting cases through profoundly flawed investigations" including "withholding exculpatory evidence and knowingly presenting false testimony" and a "system-wide deliberate indifference to the false statements of witnesses upon which these investigations are based." (*See e.g.* DE # 5 at 27.) At this stage of the litigation, Knowles' allegations are sufficient to proceed with his *Monell* claim against the City. *See e.g. White*, 829 F.3d at 844; *Williams v. City of Chicago*, No. 16-CV-8271, 2017 WL 3169065, at *9 (N.D. Ill. July 26, 2017) (collecting cases).

4. Malicious Prosecution

Defendants' final argument is that Knowles failed to state a claim under Indiana law for malicious prosecution. (DE # 36 at 12.)

Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (internal quotation marks and citation omitted). "Malice may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an

adequate investigation under the circumstances." *Id.*; *see also Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014).

Here, again, defendants make arguments that are not appropriate at the pleading stage. Defendants argue that "there is no evidence" that they acted with malice or lacked probable cause to prosecute Knowles. They also argue that Crafton acted reasonably under the circumstances. Yet, a plaintiff's complaint need only "illuminate the nature of the claim and allow the defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Knowles' amended complaint meets this standard. Knowles alleges that Crafton knew that the allegations were false and were part of a coordinated effort on the part of his ex-wives to prevail in their on-going custody disputes with Knowles. (DE # 5 at 1.) Knowles alleges that Crafton was aware that he could not have molested C.E. or E.B. because he only ever had supervised visitation. (*Id.* at 9.) Knowles claims that Crafton threatened his wife with criminal charges to force her to testify against Knowles. (*Id.* at 21.) Knowles alleges that Crafton continued to pursue the molestation charges, and sought grounds for additional charges, even after the jury in the first trial acquitted him within two hours and E.C. disclosed that he lied about the abuse at the direction of his father. (*Id.* at 20, 22.) These allegations surpass the requirements of Rule 8. Thus, defendants' motion to dismiss Knowles' malicious prosecution claim will be denied.

### *C. Knowles' Motion to Dismiss*

Knowles originally filed a motion to dismiss Crafton and the City of Portage's counterclaims. (DE # 31.) Crafton and the City of Portage subsequently moved to voluntarily dismiss their counterclaims without prejudice. (DE # 44.) Knowles has not opposed the motion. Pursuant to Rule 41(c) of the Federal Rules of Civil Procedure, the court takes notice of defendants' voluntary dismissal of their counterclaims.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART and DENIES IN PART** defendant Trista Hudson's motion to dismiss (DE # 16) and defendants Janis Crafton and the City of Portage's motion to dismiss (DE # 35), on the terms identified in this order. The court **TAKES NOTICE** of defendants Janis Crafton and the City of Portage's voluntary dismissal of their counterclaims (DE # 44). The court **DENIES AS MOOT** plaintiff Eric Knowles' motion to dismiss (DE # 31).

**SO ORDERED.**

Date: September 11, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT